IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TREVIS TYRELL SISTRUNK,     )
                               )
     Plaintiff,              )
                               )
v.                           )     CIVIL ACT. NO.  3:10CV816-WKW
                               )
DAVID M. VEASEY, *et al.*,     )
                               )
     Defendants.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  PROCEDURAL HISTORY**

In this 42 U.S.C. § 1983 action, Trevis Tyrell Sistrunk ("Sistrunk") claims that City of Opelika Municipal Court Judge Ben C. Hand and defendant David M. Veasey violated his Sixth Amendment rights when he was convicted of driving under the influence without a public trial by an impartial jury.  Specifically, Sistrunk asserts that, shortly after receiving a conviction for driving under the influence on May 26, 2010,[1] he discovered that the Alabama Department of Public Safety also has a record of him receiving a conviction for driving under the influence in July 2007.  Sistrunk argues that it was impossible for him to have committed the offense on July 25, 2007, because court documentation establishes that he was in jail for a separate offense on that date.  Sistrunk maintains that his letters and calls to the municipal court have gone unanswered and requests that this court assist him in

---

[1] Sistrunk does not dispute the validity of the May 2010 conviction for driving under the influence.

correcting the error. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. DISCUSSION

Sistrunk complains that the defendants deprived him of his constitutional rights during proceedings related to the 2007 conviction for driving under the influence.  Specifically, Sistrunk argues that he was denied the right to a jury trial and that he is innocent of the offense.  These claims go to the fundamental legality of Sistrunk's conviction.  *See Whitlow v. Bailey*, No. 3:07cv960-MEF, 2007 WL 4181735, at *1 (M.D. Ala. Nov. 26, 2007).  Consequently, a judgment in favor of Sistrunk on these claims would necessarily imply the invalidity of his conviction.  Under the facts and circumstances of this case, the court concludes that the claims presented provide no basis for relief in a 42 U.S.C. § 1983 action at this time.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

No cause of action exists under § 1983 unless the 2007 conviction challenged by Sistrunk has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 489.  The relevant inquiry about the viability of Sistrunk's claims is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction...."  512 U.S. at 487; *Balisok*, 520 U.S. at 646-648.  "It is

irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).  The rule of *Heck* is not limited to a request for damages but is equally applicable to a plaintiff's request for declaratory judgment or injunctive relief such as here where Sustrunk says he "just want[s] the error corrected."  *Balisok*, *supra*.  A plaintiff "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("[T]he [relevant] issue," when applying *Heck*, "is not the relief sought, but the ground of the challenge."); *Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983...."); *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.).  In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.  And, of course, before Sistrunk may seek habeas relief in this court, he must first seek relief in state court.  *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) (The Court's "interpretation of §§2254(b),(c) provides a simple and clear instruction to potential litigants:

before you bring any claims to federal court, be sure that you first have taken each one to state court . . . ")

Sistrunk's complaint confirms that his 2007 DUI conviction has not been reversed, expunged, invalidated or questioned in an appropriate state or federal action. *Heck* and its progeny therefore bar Sistrunk's use of § 1983 to mount a collateral attack on this conviction. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, Sistrunk's challenge to the July 2007 conviction is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as Sistrunk has no cause of action under 42 U.S.C. § 1983 at this time.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be summarily dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before November 30, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive

4

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of November, 2010.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

5